[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON VISITATION
The plaintiff (hereinafter referred to as the "father") commenced this action to dissolve the marriage to the defendant (hereinafter referred to as the "mother") on August 25, 1993. On August 31, 1993, the father suffered a major stroke and was confined to the intensive care unit of St. Vincent's Medical Center. In September 1993, the mother and their child, Sara Lynne Bruey, born September 3, 1991, who was then two years old, moved to Pittsburgh, Pennsylvania, where they have since resided.
On April 4, 1994, the marriage was dissolved by this court and sole custody of the child granted to the mother. The issues of property division, child support and visitation were reserved for a later date at this bifurcated trial. An interim order granted the father five hours of visitation on alternate Saturday afternoons. Since the Fall of 1993, the father has CT Page 12866 visited his daughter in Pittsburgh every third Saturday about thirty times. All these visitations between the father and the child, now four years of age, have taken place at or near the mother's home in Pittsburgh under her supervision. The husband has traveled from his home in LaPierre, New York by automobile, a round trip of almost 800 miles to visit his child. The husband believes, and the court commends him for it, his visitation should be increased and unsupervised. His present limitations from the stroke are also in dispute.
After considering the testimony of the parties, the court finds these facts.
1. The father, through no fault of his own, currently suffers from the stroke and his speech and motor coordination is seriously impaired.
2. These impairments make it difficult for him to manage and adequately supervise this four year old child. His ability to react physically is also slow due to the stroke to insure the child's safety. The mother is concerned that he could not respond quickly enough in emergency driving situations. These physical and speech limitations are the court's justification for supervised visitation.
3. The father's speech limitation from the stroke makes it difficult for him to communicate with the child.
The child suffers from asthma, and it has taken the mother almost two years to recognize the symptoms of these attacks. The father would have difficulty treating the child unless the mother was available. Furthermore, the child resists being left with adult relatives, including her grandmother and cries when left with them. The father needs more time to become more bonded to her through visitation.
Section 46b-56, Conn. Gen. Stat., provides that a court shall consider the best interests of the child when making or modifying visitation orders. The desires of a parent are subordinate to the child's best interests. Based on these findings of facts, the following orders are entered.
A. Visitation:
1. The visitation shall be increased to Saturday CT Page 12867 and Sunday every other weekend supervised by the mother for one year. The father may visit the child over the Christmas and Easter vacations during this period.
2. After this one year, the father may petition a court of competent jurisdiction to modify this visitation order upon proving a substantial change or improvement of his physical and mental condition resulting from the stroke. Medical evidence that his condition does not impair his visitation shall be considered a substantial change in circumstances.
3. This court relinquishes jurisdiction to the State of Pennsylvania on this case and any motions to modify visitation will be filed in that State since the mother and child have lived in Pittsburgh for the past two years. All of the child's school, medical and health records are in that State.
B. Child Support:
The father has been receiving Social Security Disability benefits of $1,180.00 a month because of the stroke and earns $400.00 a month from part-time employment, for a total income of $1,580.00 a month. Each of his four minor children, including this child, receive $33.00 a month in Social Security support payments. The court finds the father's support obligation to be $93.00 a week under the child support guidelines, and allowing him the $33.00 credit from Social Security, orders him to pay child support of $60.00 a week for this child. An immediate wage withholding order may enter.
C. Personal Property:
The father shall be entitled to the 35 inch color television set, the large refrigerator and the stereo system presently in the mother's possession and allows him sixty days from the date of this order to remove them.
PETRONI, J.